UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FALCON ENTERPRISES, INC., *et al.*,

    Plaintiffs,

vs.

NOBEL DEVELOPMENTS, INC., *et al.*,

    Defendants.

No. CV06-1404RSL

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS STATE LAW CLAIMS

## I.  INTRODUCTION

This matter comes before the Court on defendants' motion to dismiss plaintiffs' state law claims (Dkt. #19).  Defendants argue that plaintiffs' claims for (1) unjust enrichment; (2) tortious interference; (3) unfair competition; (4) accounting and (5) constructive trust should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because they are preempted by the Copyright Act.  Though plaintiffs concede that "the state law claims would be preempted" if relief was granted under the Copyright Act, they contend that it is premature to resolve questions of preemption and oppose dismissal of their state law claims at this time.  Response at p. 5.

## II.  FACTUAL BACKGROUND

Plaintiff Falcon Foto, LLC is the owner of the world's largest library of copyrighted adult photographic images and plaintiff Falcon Enterprises, Inc. is the exclusive marketing agent for Falcon Foto.  Plaintiffs allege that in January 2003 they entered into negotiations with John Doe defendants 1 and 2 for the sale of licensing rights related to a collection of adult images.  At the

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS STATE LAW CLAIMS -1

time, John Doe defendants 1 and 2 owned "Porn Kings," a company that operates a number of adult oriented Internet sites. During the course of these negotiations, plaintiffs provided the John Doe defendants with a hard drive containing the images that were the subject of the negotiations. Negotiations broke down, and plaintiffs allege that the images were later displayed on the Porn Kings' servers and/or Internet sites without their permission. Plaintiffs claim that these images were then transferred between defendants on a number of occasions in conjunction with the sale of Porn Kings.

### III.  DISCUSSION

Defendants move for dismissal based on § 301 of the Copyright Act, which states:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 and, whether created before or after that date and whether published or unpublished, are governed exclusively by this title.  Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

Under this section, "[c]opyright preemption is both explicit and broad[.]" G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying Serv., Inc., 958 F.3d 896, 904 (9th Cir. 1992). The Ninth Circuit utilizes a two-part test to determine whether a state law claim is preempted. See Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1137-38 (9th Cir. 2006). First, the Court must determine whether the "subject matter" of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. Id. Once that is determined, the Court must then evaluate whether the rights granted under state law are equivalent to the rights contained in 17 U.S.C. § 106, "which articulates the exclusive rights of copyright holders." Id.

The first part of the test is satisfied if "the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir. 2004). Plaintiffs' state law claims satisfy this element of the test. Neither party disputes that the photographs at issue in the state law claims are copyrightable works under the Copyright Act.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS STATE LAW CLAIMS -2

See 17 U.S.C. § 102(a).

The dispute here centers on the second prong of the test – whether the rights asserted under plaintiffs' state law claims are equivalent to the rights contained in the Copyright Act. In order to avoid preemption, "the state cause of action must protect rights which are qualitatively different from the copyright rights." Laws, 448 F.3d at 1143. Plaintiffs argue that the state law claims are quantitatively different because they would still be viable even if the Court were to find that defendants neither copied plaintiffs' copyrighted works nor displayed the images to the public. Each of plaintiffs' state law claims are analyzed in turn.[1]

**A.   Unjust Enrichment**

In copyright infringement cases, "claims for unjust enrichment are . . . generally preempted." Zito v. Steeplechase Films, Inc., 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003). Plaintiffs argue that their unjust enrichment claim should survive preemption, because even if the Court finds that defendants did not violate the Copyright Act by reproducing the copyrighted images or making the images available to the public, "they would still be unjustly enriched by the profits gained based upon their affiliates use of the images to direct traffic and, therefore, sales to the Noble Defendants." Response at p. 7. Plaintiffs only devote a sentence to

---

[1] As a preliminary matter, the Court rejects plaintiffs' argument that preemption determinations can only be made after discovery is completed and that they should be permitted to plead their state law theories of liability in the alternative until their copyright claims are resolved. As another court explained in granting a motion to dismiss state law claims in a similar context,

> on Plaintiffs' theory of pleading in the alternative, no court could ever decide a motion to dismiss a claim on the basis of preemption until the merits of the copyright claim had first been decided. Yet courts routinely grant motions to dismiss state law claims on the basis of preemption by the Copyright Act. The relevant question is whether Plaintiffs *could* bring their claims under the copyright law at all, not whether they will, nor even whether they will ultimately prevail on their copyright claim.

Moser Pilon Nelson Architects, LLC v. HNTB Corp., No. 05 CV 422, 2006 WL 2331013, at *11 (D. Conn. Aug. 8, 2006) (citations omitted) (emphasis in original). Here, as in Moser, the relevant question is whether Plaintiffs could bring their state law claims under copyright law, not whether they will prevail.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS STATE LAW CLAIMS -3

explaining this theory of liability in their response memorandum, and plaintiffs' amended complaint provides no further basis for the contention. All of the unjust enrichment allegations contained in the complaint focus on defendants' use of "copyrighted materials" and incorporate the plaintiffs' copyright infringement allegations by reference. See First Amended Complaint, ¶¶ 168-171. When a plaintiff expressly bases an unfair competition claim on rights granted by the Copyright Act, preemption is appropriate. See Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1213 (9th Cir. 1998); Firoozye v. Earthlink Networks, 153 F. Supp. 2d 1115, 1128 (N.D. Cal. 2001). For this reason, plaintiffs' unjust enrichment claim is preempted.

**B.     Tortious Interference**

Plaintiffs' tortious interference claim is preempted for the same reasons. Though plaintiffs assert that the question of whether "the improper purpose or means underlying the claims for tortious interference [are] the same as those governed by the Copyright Act can only be determined after detailed and pointed discovery," they provide no explanation of why that would be true. Response at p. 8. The allegations contained in the complaint merely incorporate the copyright infringement claims by reference and assert that

> [d]efendant has intentionally interfered with Plaintiffs' business of selling its digital adult images to prospective buyers, and selling additional images to existing buyers, with knowledge of the same, by displaying such digital images on Defendant's Internet Web sites, thereby hindering Plaintiffs from selling the same images to other prospective buyers and resulting in damages to Plaintiffs.

First Amended Complaint, ¶¶ 172-3. With both plaintiffs' tortious interference claim and their copyright infringement claim, "it is the act of unauthorized publication which causes the violation." Am. Movie Classics Co. v. Turner Entm't Co., 922 F.Supp. 926, 932 (S.D.N.Y. 1996). In such situations, tortious interference claims are preempted. Id. Additional discovery will not alter the fundamental similarities of the two claims.

**C.     Unfair Competition**

Plaintiffs' unfair competition claim is preempted as well. Plaintiffs' cause of action for unfair competition simply incorporates the complaint's prior allegations and seeks an injunction

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS STATE LAW CLAIMS -4

barring defendants "from engaging in acts of unfair competition in connection with copying, reproduction, distribution, adaptation, and/or public display of Plaintiffs' copyrighted works without the consent or authority of the Plaintiff."  First Amended Complaint, ¶¶ 176-8.  Where, as here, an unfair competition claim is based upon the premise that defendants misappropriated plaintiff's copyrighted material it is considered to be "part and parcel of the copyright claim," and preemption is appropriate.  Del Madera Properties v. Rhodes and Gardner, Inc., 820 F.2d 973, 977 (9th Cir. 1987) (overruled on other grounds).  In this instance, the language of the state law claim mirrors the language of the Copyright Act.  Plaintiffs' unfair competition claim is preempted.

**D.     Accounting and Constructive Trust Claims**

Plaintiffs' claims for constructive trust and accounting are equivalent to the rights and remedies provided by the Copyright Act.  See Motown Record Corp. v. George A. Hormel & Co., 657 F. Supp. 1236, 1241 (C.D. Cal. 1987).  As such, they are preempted as well.

## IV.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiffs' state law claims (Dkt. #19) is GRANTED.

DATED this 5th day of March, 2007.

_/s/ Robert S. Lasnik_
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS STATE LAW CLAIMS -5